```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
               FORT MYERS DIVISION
```

DAVID POSCHMANN,

        Plaintiff,

v.                            Case No:  2:21-cv-303-JES-MRM

TRADEWINDS OF SANIBEL, LLC
and LOWELL T. SPILLANE,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the parties' Joint Motion for Approval and Entry of Consent Decree and to Dismiss Action With Prejudice (Doc. #17) filed on July 26, 2021.

On April 12, 2021, plaintiff filed a Complaint (Doc. #1) against Tradewinds of Sanibel, LLC and Lowell T. Spillane, the owners and operators of Tropical Winds Motel & Cottages (Tropical Winds). Plaintiff, who uses a wheelchair to ambulate, alleges that he tried to make a reservation for an accessible room through the online reservation system on Tropical Winds' website, but he was unable to do so. Plaintiff seeks injunctive relief requiring defendants to correct violations of the Americans with Disabilities Act (ADA) in the online reservation system.

The parties reached a settlement by way of a Consent Decree to improve access at the website http://sanibeltropicalwinds.com and the Tropical Winds Motel & Cottages for persons with

disabilities. The parties acknowledge the recent Eleventh Circuit decision of Gil v. Winn-Dixie Stores, Inc., 993 F.3d 1266 (11th Cir. 2021), but argue it is inapplicable because plaintiff is not visually impaired "and his claims in this action are not impacted by Gil v. Winn-Dixie." (Doc. #17, ¶ 4.) The parties argue that the Consent Decree is "necessary and appropriate notwithstanding" the decision in Gil. The parties seek approval of the settlement and the retention of jurisdiction over enforcement of the Consent Decree.

In the Consent Decree, defendants deny that the website is a public accommodation or a place of public accommodation or otherwise subject to Title III of the ADA. (Doc. #17-1, p. 2.) Yet, the Consent Decree requires defendants to improve the website's compliance with the ADA within 2 years, including to "remediate architectural barriers to access at the Motel" that are not alleged in the Complaint. The Consent Decree further requires defendants to make reasonable efforts to improve accessibility to the website for the visually impaired within 5 years, even though plaintiff is not visually impaired. (Id., p. 9.) The most concerning provision, considering the position of the parties' that Gil has no impact on this case, is:

> If, in a manner which affects Defendants' obligations under this Consent Decree, (a) legislation is passed modifying Title III of the ADA; (b) the United States Department of Justice or any other federal government entity

> promulgates final ADA Title III regulations or guidance regarding website accessibility; (c) the United States Department of Justice or any other federal government entity promulgates additional ADA Title III regulations or guidance regarding reservation systems for places of lodging; and/or (d) the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court issues a ruling followed by a mandate, then this Consent Decree shall automatically, without further action by the Parties, be modified such that Defendants shall be required only to achieve the Website's compliance with the minimum requirements set forth in any such legislation, regulation or guidance and/or shall be required only to comply with such judicial ruling/mandate.

(Doc. #17-1, pp. 11-12.)

In Gil, the Eleventh Circuit unequivocally concluded: "Thus, we conclude that, pursuant to the plain language of Title III of the ADA, public accommodations are limited to actual, physical places. Necessarily then, we hold that websites are not a place of public accommodation under Title III of the ADA." Gil v. Winn-Dixie Stores, Inc., 993 F.3d at 1277. The Eleventh Circuit found that the analysis did not end "with the conclusion that a website is not a place of public accommodation as Gil does not take the position that websites must be declared places of public accommodation for him to be afforded relief." Id. Gil argued that the website violated Title III "because its inaccessibility serves as an intangible barrier to his "equal access to the services, privileges, and advantages of Winn-Dixie's physical

stores," which are a place of public accommodation." Id. at 1278. In Rendon v. Valleycrest Prods., Ltd., 294 F.3d 1279, 1283 n.7 (11th Cir. 2002), it was "noted in dicta" that an 'intangible barrier' to access could violate the ADA. Id. In Gil, the Eleventh Circuit distinguished the "limited use website" used by Winn-Dixie, where the individual would still have to go the physical place of accommodation, from the "sole access point" automated hotline phone system used in Rendon for individuals to appear on a game show.

The record does not establish that the website is the only means of accessing services at Tropical Winds. In fact, defendants deny that Tropical Winds is a public place of accommodation. Therefore, it appears that the website in this case is not covered by Title III. Plaintiff also gives up his right to sue for future misconduct, which may violate public policy. See, e.g., Anastos v. IKEA Prop., Inc., No. 1:19-CV-03702-SDG, 2021 WL 1017410, at *3 (N.D. Ga. Mar. 17, 2021) (noting that releases of prospective ERISA claims may be prohibited as violating public policy). The Court cannot approve the Consent Decree as filed, and therefore will decline to dismiss the case under its parameters.

Accordingly, it is hereby

**ORDERED:**

The Parties' Joint Motion for Approval and Entry of Consent Decree and to Dismiss Action With Prejudice (Doc. #17) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of July 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record